UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| WILLIAM E. MCCARVER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:09-cv-12 |
| ) | Chief Judge Curtis L. Collier |
| JIM MORROW, Warden, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| ) | |

**<u>MEMORANDUM</u>**

This is a petition for the writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 filed by William E. McCarver ("Petitioner") (Court File No. 3). Petitioner is incarcerated at the Southeast Tennessee State Regional Correctional Facility ("S.T.S.R.C.F.") in Pikeville, Tennessee.

**I. Procedural History**

Petitioner was convicted of first degree murder in the Circuit Court of Sequatchie County in 1998. The Tennessee Court of Criminal Appeals affirmed this conviction on September 9, 2003. *State v. McCarver*, No. M2002-00123-CCA-R3-CD, 2003 WL 22087476 (Tenn. Crim. App. Sept. 9, 2003). On December 20, 2004, Petitioner filed a petition for post-conviction relief in the Circuit Court of Sequatchie County ("post-conviction court") (Court File No. 7, Addendum 2). The post-conviction court conducted a hearing and subsequently issued a memorandum opinion entered on November 18, 2008 (*Id.*, Addendum 3). On January 5, 2009, the post-conviction court filed an order dismissing the petition (*Id.*, Addendum 4). On April 6, 2009, following an amended order, Petitioner filed a notice of appeal (*Id.*, Addendum 6). On February 19, 2010, the Tennessee Court

of Criminal Appeals affirmed the post-conviction court's denial of relief. *McCarver v. Tennessee*, No. M2009-00753-CCA-R3-PC, 2010 WL 596344 (Tenn. Crim. App. Feb. 19, 2010). On April 16, 2010, Petitioner filed an application for permission to appeal to the Tennessee Supreme Court the denial of his post-conviction relief (Court File No. 11, Attachment 1). That application for permission to appeal is currently pending before the Tennessee Supreme Court.

**II. Discussion**

In bringing his § 2254 petition, Petitioner asserts multiple grounds for relief. However, petitioner has failed to demonstrate he has exhausted his state remedies, and therefore this petition is premature.

Absent exceptional circumstances, a federal court cannot grant federal habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999). The federal habeas statute states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)  (i) there is an absence of available State corrective process; or
>         (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The exhaustion requirement is based on principles of comity, requiring a petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 844-45. A petitioner "shall not be deemed to have exhausted remedies available . . . if he has the right under

2

the law of the state to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). A petitioner must demonstrate he fairly presented the habeas claim to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Clinkscale v. Carter*, 375 F.3d 430, 437(6th Cir. 2004), *cert. denied,* 543 U.S. 1177 (2005). To demonstrate compliance with the exhaustion requirement, a habeas petitioner must show that each claim which forms the basis of his federal habeas petition has been fairly presented to the state courts. *Castille v. Peoples*, 489 U.S. 346, 349 (1989).

In the instant case, Petitioner has not demonstrated such compliance with the exhaustion requirement. Indeed, it appears Petitioner's appeal from the denial of post-conviction relief is still pending before the Supreme Court of Tennessee. A habeas petition should not be denied where a state appeal or post-conviction motion remains pending. *Juliano v. Cardwell*, 432 F.2d 1051 (6th Cir. 1970).

Therefore, Petitioner has not fulfilled his burden under 28 U.S.C. § 2254(b). Accordingly, Petitioner's § 2254 petition will be **DISMISSED WITHOUT PREJUDICE** to permit him to exhaust his state remedies.

A Judgment Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**